Ben A. Kaplan
**CHULSKY KAPLAN LLC**
280 Prospect Ave. 6G
Hackensack, NJ 07601
Phone: (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff(s)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT TOMPKINS, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiff(s),<br><br>-against-<br><br>FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC. D/B/A FBCS, INC.; LVNV FUNDING, LLC and JOHN DOES 1-25,<br><br>　　　　　Defendant(s). | Civil Case Number: _____<br><br>## CIVIL ACTION<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

## LOCAL CIVIL RULE 10.1 STATEMENT

1. The mailing addresses of the parties to this action are:

   ROBERT TOMPKINS
   50 Beers Street, Apt. 5B
   Keyport, New Jersey 07735

   FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC. D/B/A FBCS, INC.
   330 S. Warminster Road
   Suite 353
   Hatboro, Pennsylvania 19040

   LVNV FUNDING, LLC
   700 Executive Center Drive, #300
   Greenville, South Carolina 29615

## PRELIMINARY STATEMENT

2. Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that Defendants, FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC. D/B/A FBCS, INC. ("FBCS"); LVNV FUNDING, LLC ("LVNV") and JOHN DOES 1-25, their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6. Plaintiff is a natural person, a resident of Monmouth County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. FBCS maintains a location at 330 S. Warminster Road, Suite 353, Hatboro, Pennsylvania 19040.

8. LVNV maintains a location at 700 Executive Center Drive, #300, Greenville, South Carolina 29615.

9. FBCS uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

10. LVNV uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

11. FBCS is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

12. LVNV is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

13. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

14. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

15. This Action is properly maintained as a class action. The Class is initially defined as:

All New Jersey consumers who were sent letters and/or notices from FBCS concerning a debt owned by LVNV, which included the alleged conduct and practices described herein.

The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

16. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a. <u>Numerosity</u>: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit B**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

   b. <u>Commonality</u>: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

      i. Whether the Defendants violated various provisions of the FDCPA as set forth herein:

      ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

      iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      iv. Whether Plaintiff and the Class are entitled to declaratory relief.

    c. <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

    d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

17. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

18. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

19. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

20. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

21. At some time prior to July 5, 2012, Plaintiff allegedly incurred a financial obligation to WASHINGTON MUTUAL BANK, NA ("WASHINGTON MUTUAL").

22. The WASHINGTON MUTUAL obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

23. Plaintiff incurred the WASHINGTON MUTUAL obligation by obtaining goods and services which were primarily for personal, family and household purposes.

24. The WASHINGTON MUTUAL obligation did not arise out of a transaction that was for non-personal use.

25. The WASHINGTON MUTUAL obligation did not arise out of a transaction that was for business use.

26. The WASHINGTON MUTUAL obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

27. WASHINGTON MUTUAL is a "creditor" as defined by 15 U.S.C. § 1692a(4).

28. At some time prior to July 5, 2012, the WASHINGTON MUTUAL obligation was purchased by and/or sold to NEW CENTURY FINANCIAL SERVICES, INC ("NEW CENTURY").

29. At the time the WASHINGTON MUTUAL obligation was purchased by and/or sold to NEW CENTURY, the obligation was in default.

30. The principal purpose of NEW CENTURY is the collection of debts which are in default at the time it purchases the debts.

31. NEW CENTURY has obtained a license and/or has registered as a collection agency and/or as a debt collector with at least one State and/or State department or agency within the United States within the relevant period.

32. On July 5, 2012, NEW CENTURY obtained a judgment against Plaintiff for the WASHINGTON MUTUAL obligation in the Superior Court of New Jersey, Docket No.: DC-006627-12. A copy of said judgment is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

33. At the time that NEW CENTURY obtained the judgment against Plaintiff, it was represented by the law firm of PRESSLER AND PRESSLER, LLP.

34. The judgment obtained against Plaintiff for the WASHINGTON MUTUAL obligation was calculated as follows:

| | |
|---|---|
| Amount: | $1,159.63 |
| Cost: | $39.00 |
| Attorney Fee: | $38.19 |
| Judgment Total: | $1,236.82 |

35. The Attorney Fee assessed on the judgment in the amount of $38.19 was done so in accordance with N.J.S.A. 22A:2-42: "There shall be taxed by the clerk of the Superior Court, Law Division, Special Civil Part in the costs against the judgment debtor, a fee to the attorney of the prevailing party, of five per centum (5%) of the first five hundred dollars ($500.00) of the judgment, and two per centum (2%) of any excess thereof." ("STATUTORY ATTORNEY FEE").

36. At some time after July 5, 2012, the WASHINGTON MUTUAL obligation was purchased by and/or sold to LVNV.

37. The principal purpose of LVNV is the collection of debts which are in default at the time it purchases the debts.

38. LVNV has obtained a license and/or has registered as a collection agency and/or as a debt collector with at least one State and/or State department or agency within the United States within the relevant period.

39. Sometime after July 5, 2012, LVNV referred the WASHINGTON MUTUAL obligation to FBCS for the purpose of collection.

40. In an attempt to collect on the judgment, Defendants caused to be delivered to Plaintiff a letter dated February 21, 2018, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit B**, which is fully incorporated herein by reference.

41. The February 21, 2018 letter was sent to Plaintiff in connection with the collection of the WASHINGTON MUTUAL obligation.

42. The February 21, 2018 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

43. Upon receipt, Plaintiff read the February 21, 2018 letter.

44. The February 21, 2018 letter provides the following information regarding the balance claimed due on the WASHINGTON MUTUAL obligation:

Outstanding Balance: $1,238.87

45. The amount sought by Defendants as of February 21, 2018, included the STATUTORY ATTORNEY FEE assessed on the judgment in the amount of $38.19.

46. The STATUTORY ATTORNEY FEE assessed pursuant to N.J.S.A. 22A:2-42 "is tied to the successful prosecution of suit in the county district court, and is **payable directly to the attorney**. As a taxed cost of litigation, it is in the nature of a statutorily authorized penalty against

the judgment debtor, saddling him with **the burden of compensating the creditor's attorney** for the latter's litigational duties." See <u>Scioli v. Goldman & Warshaw, PC</u>, 651 F.Supp. 2d 273 (D.N.J. 2009) (emphasis added).

47. Within one year of the complaint, Defendants made demands for payment from Plaintiff which included an amount for the STATUTORY ATTORNEY FEE.

48. Within one year of the complaint, Defendants asserted that the STATUTORY ATTORNEY FEE was owed to LVNV directly.

49. The STATUTORY ATTORNEY FEE is not owed to LVNV nor is it the property of LVNV. See <u>Scioli v. Goldman & Warshaw, PC</u>, 651 F.Supp. 2d 273 (D.N.J. 2009).

50. The STATUTORY ATTORNEY FEE is owed to and is the property of the creditor's attorney and not the creditor.

51. Letters sent to Plaintiff by Defendants within one year of the complaint, stated in part:

> Because of interest, **late charges**, and/or other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1-866-594-8640. (emphasis added)

52. After July 5, 2012, Defendants did not have the legal or contractual authority to assess late charges on the WASHINGTON MUTUAL obligation. See <u>Hovermale v. Immediate Credit Recovery, Inc.</u>, 2016 WL 4157160 (D.N.J. August 4, 2016).

53. FBCS knew or should have known that its actions violated the FDCPA.

54. LVNV knew or should have known that its actions violated the FDCPA.

55. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

56. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit B**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

   (b) Threatening to take any action that cannot legally be taken or that is not intended to be taken;

   (c) Using unfair or unconscionable means to collect or attempt to collect any debt; and

   (d) Making a false representation of the character or amount of the debt.

57. Defendants have sent written communications in the form annexed hereto as **Exhibit B**, to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.* VIOLATIONS

58. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

59. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

60. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

61. Defendants' letter would lead the least sophisticated consumer to believe that the amount due could increase due to additional late charges being assessed.

62. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to believe that Defendants had the legal ability to assess additional late charges.

63. Defendants' representation that the amount due could increase due to additional late charges when in fact the amount due would not and did not increase due to late charges violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; § 1692e(2)(A); § 1692e(5); and § 1692e(10).

64. Defendants' improper demand for a STATUTORY ATTORNEY FEE violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; § 1692e(2)(A); § 1692e(5); and § 1692e(10).

65. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

66. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

67. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing that the balance could increase due to late charges.

68. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing that LVNV was owed a STATUTORY ATTORNEY FEE.

69. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

70. 15 U.S.C. § 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

71. Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount or legal status of a debt.

72. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing that the balance could increase due to late charges.

73. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from charging or adding late charges.

74. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants never intended to charge or add late charges.

75. Defendants violated 15 U.S.C. § 1692e(2)(A) as late charges were no longer being assessed on the WASHINGTON MUTUAL obligation.

76. Defendants violated 15 U.S.C. § 1692e(2)(A) by including a STATUTORY ATTORNEY FEE in any amount demanded from Plaintiff.

77. Defendants violated 15 U.S.C. § 1692e(2)(A) by including a STATUTORY ATTORNEY FEE in any amount demanded from Plaintiff as that fee was not due LVNV, but rather was due and payable directly to the attorney obtaining the judgment.

78. 15 U.S.C. § 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

79. Defendants violated 15 U.S.C. § 1692e(5) by threatening to assess late charges on the WASHINGTON MUTUAL obligation.

80. Defendants violated 15 U.S.C. § 1692e(5) by threatening to increase the amount due by adding additional late charges when in fact the amount due would not and did not increase due to late charges.

81. Defendants violated 15 U.S.C. § 1692e(5) by including a STATUTORY ATTORNEY FEE in any amount demanded from Plaintiff as that fee was not due LVNV, but rather was due and payable directly to the attorney obtaining the judgment.

82. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

83. Defendants violated 15 U.S.C. § 1692e(10) stating that the amount due could increase due to additional late charges when in fact the amount due would not and did not increase due to late charges.

84. Defendants violated 15 U.S.C. § 1692e(10) by including a STATUTORY ATTORNEY FEE in any amount demanded from Plaintiff as that fee was not due LVNV, but rather was due and payable directly to the attorney obtaining the judgment.

85. Defendant FBCS is vicariously liable for any violations of the FDCPA that LVNV committed as described herein.

86. Defendant LVNV is vicariously liable for any violations of the FDCPA that FBCS committed as described herein. See Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507 (9th Cir. 1994); Pollice v. National Tax Funding, L.P., 225 F.3d 379 (3d Cir. 2000).

87. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

88. Plaintiff and others similarly situated have a right to be free from abusive debt collection practices by debt collectors.

89. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

90. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

91. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

92. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages, including but not limited to a disgorgement of all money collected during the relevant period;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: November 19, 2018

Respectfully submitted,

By: *s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 037712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: November 19, 2018

*s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 037712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff

# EXHIBIT A

```
MONMOUTH SPECIAL CIVIL PART         :
71 MONUMENT PARK                    :
PO BOX 1270                         :
FREEHOLD NJ 07728                   :
(732) 677-4280                      :
                        CV0285      : JULY 05, 2012
CASE NUMBER:                        :
   MON DC-006627-12                 :
CREDITOR(S): NEW CENTURY FINAN      :
DEBTORS(S):  TOMPKINS R             : RALPH GULKO
VJ NUMBER:   006343-12              : PRESSLER & PRESSLER
EFFECTIVE DATE: 07/05/2012          : 7 ENTIN RD
AMOUNT:          $ 1159.63          :
COST:                 39.00         : PARSIPPANY NJ
ATTORNEY FEE:         38.19         :
OTHER COST:            0.00         :            07054-5020
CREDITS:               0.00         :
JUDGMENT TOTAL: $ 1236.82           :
                                    :
                                    :
                                    :
                                    :
                                    :
CLAIM.NO:T104643
```

# EXHIBIT B

FBCS Inc
330 S. WARMINSTER RD. SUITE 353
HATBORO, PA 19040
1-866-594-8639

FROM:
P.O. Box 1116
Charlotte, NC 28201-1116

PERSONAL & CONFIDENTIAL



February 21, 2018

Robert Tompkins
PO BOX 104
BELFORD, NJ 07718-0104

Current Creditor <   LVNV FUNDING LLC
Original Creditor<   Washington Mutual Bank, NA
Original Account # <   XXXXXXXXXXXX3173
Outstanding Balance <   $1,238.87
File # <   208686230

Your account has been referred to this office for collection.

We are requesting payment in full on the amount referenced above. Your failure to remit will result in further collection attempts. If you are unable to pay in full, contact one of our agents. There may be other payment options available based on your specific situation in which our agents have been specially trained to listen to your circumstances and guide you through the process. Call us toll free at 1-866-594-8639.

Hours of operation:
Monday      9:00 am through 7:00 pm
Tuesday     9:00 am through 7:00 pm
Wednesday   9:00 am through 7:00 pm
Thursday    9:00 am through 7:00 pm
Friday      9:00 am through 7:00 pm
Saturday    9:00 am through 12:30 pm

(All times listed are Eastern Standard Time)

Or visit our website at www.fbcs-inc.com for 24 hour payment options.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that the debt or any portion thereof is disputed, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you the name and address of the original creditor, if different from the current creditor.

★ Detach Here ★

★ Detach Here ★

Detach and return this portion with your payment. Enter the requested information in the spaces provided below:

JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
TOMPKINS ROBERT

### DEFENDANTS
FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC. D/B/A FBCS, INC.; LVNV FUNDING, LLC and JOHN DOES 1-25.

**(b)** County of Residence of First Listed Plaintiff: Monmouth County, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*
Ben Kaplan Esq. and Glen Chulsky Esq.
Chulsky Kaplan LLC, 280 Prospect Ave. 6G, Hackensack, NJ 07601,
ben@chulskykaplanlaw.com, (877) 827-3395 ex 102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | [X] 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 USC § 1692
Brief description of cause:
FDCPA Violation

## VII. REQUESTED IN COMPLAINT:
[X] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____
DOCKET NUMBER _____

DATE: 11/19/2018
SIGNATURE OF ATTORNEY OF RECORD: s/ Ben Kaplan

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____